United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR-13-70280 MAG |
| Plaintiff, | DETENTION ORDER |
| v. | |
| DAVID J. VELASQUEZ, | |
| Defendant. | |

## I. BACKGROUND INFORMATION

Defendant David J. Velasquez is charged in a criminal complaint for violations of 18 U.S.C. § 922(g) (felon in possession of firearm) and 21 U.S.C. § 841(a)(1) (distribution of a controlled substance). On March 18, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On March 21, 2013, the Court conducted a detention hearing. Defendant was present, in custody, and represented by attorney Claire Leary. Assistant United States Attorney Rodney Villazor appeared on behalf of the Government. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The complaint alleges that Defendant sold a rifle, two pistols, and methylone hydrochloride, a Schedule I controlled substance, to an undercover agent. Defendant was introduced to the undercover agent as a supplier of firearms. The guns and drugs sold to the agent were allegedly stored in a place called the "Campus Club." The nature and circumstances of the offense weigh in favor of detention, as Defendant's sale of guns shows that he poses a danger to

the community. While the weight of the evidence is the least important factor, it weighs in favor of detention, as the agent actually witnessed the sale of the guns and drugs.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 27 years old. He was born in Oakland and has spent most of his life in Oakland and Hayward. His parents and siblings live in Sacramento. His grandparents live in Oakland. He does not have a passport and has no history of international travel. Defendant lives with his friend and girlfriend in Hayward, but does not pay rent. He and his girlfriend have been in a relationship for one year. He has three minor children from previous relationships.

Defendant has been unemployed for the past six years, although in 2009, he worked "under the table" as a landscaper. He also worked for two months moving equipment for a title company. He completed the eighth grade in school, and earned his GED while in custody.

Defendant was hospitalized for three days after a car accident in 2012. He did not report any other physical or mental health conditions. His mother stated that she believes that Defendant suffers from bipolar disorder. Defendant refused to answer questions regarding drug or alcohol use on the advice of counsel. His girlfriend stated that Defendant has a medical marijuana card and smokes daily. She is unaware of other illicit substance use history.

Defendant's criminal record contains several indications that he poses a danger to the community. He has been convicted of misdemeanor battery, felony force/ assault with a deadly weapon, and felony possession of a controlled substance for sale. Shortly after he was released from incarceration following each conviction, he violated his probation or parole. He has been arrested for burglary, robbery, petty theft, possession of a controlled substance, and public intoxication. Defendant reportedly has associations with the "Norteno" street gang. At the time of the instant offense, Defendant was on probation in Alameda County.

Several of Defendant's family members, including his step-grandparents, mother, step-father, sisters were present at the detention hearing, and were willing to serve as sureties. Defendant's girlfriend was also present at the hearing, and was willing to serve as a surety.

DETENTION ORDER
CR-13-70280 MAG                                             3

Pretrial Services recommended that Defendant be released on conditions, including that his mother and step-father serve as sureties, and sign a $50,000 unsecured bond, and that Defendant's step-grandfather serve as a third-party custodian. Defendant's mother and step-father are unemployed and do not own property. His step-grandparents are also unemployed, as they are retired. Pretrial Services recommended that Defendant live with his step-grandparents and step-father, and be subject to electronic monitoring.

Defendant's violent criminal history includes convictions for misdemeanor battery, felony force/ assault with a deadly weapon. He is also reportedly associated with a street gang. Taken with the nature of the instant offense, in which he allegedly sold several guns and drugs, Defendant's history shows that he poses a danger to the community. Placing Defendant on house arrest and electronic monitoring will not prevent him from selling guns and drugs from his home.

Furthermore, Defendant's lack of employment for the past six years, drug use, prior failures to appear, probation and parole revocations, and the fact that he was on probation at the time of the instant offense, show that he is a risk of flight and is not amenable to supervision. Although Defendant has family ties in this district and strong family support, the proposed sureties he provided are unemployed and therefore would not immediately suffer financial consequences if Defendant failed to comply with the terms of his release.

As such, the Court finds that no conditions of release would reasonably assure the safety of the community or Defendant's appearances.

### III. CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of

DETENTION ORDER
CR-13-70280 MAG                                                       4

1  the United States or on request of an attorney for the Government, the person in charge of the
2  corrections facility in which Defendant is confined shall deliver Defendant to a United States
3  marshal for the purpose of an appearance in connection with a court proceeding.
4      IT IS SO ORDERED.
5  DATED: March 21, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-70280 MAG                          5